FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
9/27/2017 2:42 PM
JAMIE SMITH
DISTRICT CLERK
B-200741

NO. _____

| | | |
|---|---|---|
| **FREDERICK N. BANKS** | § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | JEFFERSON COUNTY, TEXAS |
| **RAYNALDO R. PEREZ, A-1 FREEMAN** | § | |
| **MOVING & STORAGE, LLC. AND A-1** | § | |
| **FREEMAN NORTH AMERICAN, INC.** | § | |
| **Defendants.** | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION and REQUESTS FOR DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Frederick N. Banks, hereinafter called Plaintiff, complaining of and about Raynaldo R. Perez, A-1 Freeman North American, Inc, and A-1 Freeman Moving & Storage, LLC., hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.      Plaintiff, Frederick Banks, is an Individual who is a resident of Texas.

3.      Defendant A-1 Freeman North American, Inc. is a corporation organized and existing under the laws of Oklahoma whose home or principal place of business is located in Oklahoma and may be served with process by serving the Texas Secretary of State at 1019 Brazos St, Austin, TX 78701, with process to be forwarded to Defendant via its Registered Agent, Mock, Schwabe, Waldo, Elder, Reeves & Bryant, located at 211 N Robinson, 14th Floor, 2 Leadership Square, Oklahoma City, Oklahoma 73102.  The Texas Secretary of State is the proper agent for service because A-1 Freeman North American, Inc. has engaged in business in Texas, but does not maintain a regular place of business in Texas or a designated agent for

I CERTIFY THIS IS A TRUE COPY.
Witness my Hand and Seal of Office
November 28, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Janie Smith Page 1 of 52

EXHIBIT "B"

service of process. Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and has established the minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over A-1 Freeman North American, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirement of due process. *See* Tex. Civ. Prac. & Rem. Code §17.042 and §17.044. Service of said Defendant as described above can be effected by personal delivery. **Service of citation is requested at this time.**

4.       Defendant A-1 Freeman Moving & Storage, L.L.C. is a corporation organized and existing under the laws of Oklahoma whose home or principal place of business is in Oklahoma and may be served with process by serving the Texas Secretary of State at 1019 Brazos St, Austin, TX 78701, with process to be forwarded to Defendant via its Registered Agent, James Freeman 11517 N Broadway Extension, Oklahoma City, Oklahoma 73114. Service of said Defendant as described above can be effected by personal delivery. The Texas Secretary of State is the proper agent for service because A-1 Freeman Moving & Storage, L.L.C. has engaged in business in Texas, but does not maintain a regular place of business in Texas or a designated agent for service of process. Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and has established the minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over A-1 Freeman Moving & Storage, L.L.C. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirement of due process. *See* Tex. Civ. Prac. & Rem. Code §17.042 and §17.044. **Service of citation is requested at this time.**

5.       Defendant Raynaldo R. Perez, is an Individual residing in Bristow, Oklahoma. Pursuant to Tex. Civ. Prac. & Rem. Code §17.062 (b) (the Texas "long-arm statute"), process may be served on the chairman of the Texas Transportation Commission for a nonresident who

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith    Page 2 of 52

was a Texas resident at the time the cause of action accrued but has subsequently moved from the state.  Defendant now resides and may be served at: 304 W 9th Ave Bristow, OK 74010-2418 or wherever he may be found.  Service of said Defendant as described above can be effected by personal delivery. **Service of citation is requested at this time.**

### JURISDICTION AND VENUE

6.      The subject matter is within the jurisdictional limits of this court.

7.      Plaintiff seeks:

      a.      monetary relief over $200,000 but not more than $1,000,000.

8.      This court has jurisdiction over this case and the damages sought are within the jurisdictional limits of this court.

9.      Venue in Jefferson County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Jefferson County.

### FACTS

10.      On September 29, 2015 at approximately 9:36 p.m., Plaintiff Frederick N. Banks was in the left lane stopped at a red light facing eastbound on the Interstate Highway 10 service road in Beaumont, Jefferson County, Texas. Defendant Raynaldo R. Perez was traveling eastbound the Interstate Highway 10 service road in the U-turn lane to the left of Plaintiff's lane. Defendant negligently failed to exercise a proper lookout, failed to maintain control of the commercial tractor-trailer he was operating, failed to yield, and failed to control  his speed.  As a result, Defendant's commercial tractor-trailer smashed into Mr. Banks' vehicle from the side.

11.      As a result of the incident described herein, Plaintiff suffered serious injuries that required medical treatment.  The treatment sought by Plaintiff was reasonable and necessary for the injuries he sustained.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith   Page 3 of 52

## PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST RAYNALDO R. PEREZ

12.    Plaintiff would show that Defendant Raynaldo R. Perez was the driver of a 2010 Freightliner tractor-trailer operated for profit. Further, Plaintiff would show this Court that the negligent acts and omissions of the Defendant Raynaldo R. Perez and statutory violations, as set out herein, separately and collectively, were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiff. Any statutory violations constitute negligence *per* se.

13.    Defendant's violation of §545.351 of the Texas Transportation Code, as well as other sections of the Texas Transportation Code and the Federal Motor Carrier Safety Regulations constitutes negligence per se. These rules were designed for the protection of a class of persons including Plaintiff. Defendant's violations of these rules and statutes created a risk of injury to Plaintiff which the standards were designed to protect against. Such negligence was a proximate cause of the injuries and damages suffered by the Plaintiff.

14.    The negligent, careless and reckless disregard of the duty owed by Defendant Raynaldo R. Perez also consisted of, but is not limited to, the following acts and omissions:

a.    failing to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

b.    failing to yield as a person of prudent care would have done;

c.    operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

d.    failing to apply the brakes to his motor vehicle in a timely and prudent manner;

e.    failing to control his speed and driving at an unsafe speed in violation of §545.351 of the Texas Transportation Code;


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 4 of 52

f.     failing to take reasonable care in controlling his vehicle;

g.     operating his vehicle without due regard for the rights of others;

h.     driver inattention;

i.     failure to control his vehicle;

j.     violating §545.351 of the Texas Transportation Code;

k.     failing to comply with the Federal Motor Carrier Safety Regulations; and

l.     such additional acts of negligence, which will be established as the case progresses.

## RESPONDEAT SUPERIOR AS TO DEFENDANTS A-1 FREEMAN NORTH AMERICA, INC. AND A-1 FREEMAN MOVING & STORAGE, L.L.C.

15.     Whenever in this Petition it is alleged that Defendants did or failed to do any particular act and/or omission, it is meant that Defendants, acting individually, or by and through agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of his employment, agency or contract with Defendants, and in furtherance of Defendants' business. Pursuant to Texas Rules of Civil Procedure 28, any entity doing business under an assumed name may be sued in its assumed name for the purpose of enforcing against it a substantive right.

## NEGLIGENCE PER SE AS TO DEFENDANTS RAYNALDO R. PEREZ, A-1 FREEMAN NORTH AMERICA, INC. AND A-1 FREEMAN MOVING & STORAGE, L.L.C.

16.     Defendants, collectively, individually, and/or through its agents or employees, violated safety rules and regulations that are intended to protect against the harm that resulted and to protect the Plaintiff and class of persons to which he belongs.

17.     Defendants violated, among other safety rules, sections 542.206, 545.062 and 545.351 of the Texas Transportation Code, Rules 390.11, 391.11, 391.13, 392.6 of the Federal Motor Carrier Safety Regulations, and other safety standards and regulations designed to protect

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 5 of 52

against the type of harm that resulted from Defendants' negligent and grossly negligent operation of the tractor trailer involved in the incident in questions.

18.     These regulations provide minimum standards and do not allow for judgment or discretion in whether or how to comply with the regulations. The safety standards were intended to protect members of the public, including the Plaintiff Bobbie Bush. Defendants' violation of these safety rules, regulations, and industry safety standards constitutes *negligence per se*.

## PLAINTIFF'S CAUSE OF ACTION AGAINST A-1 FREEMAN NORTH AMERICAN, INC. and A-1 FREEMAN MOVING & STORAGE, LLC.

19.     The negligent acts and omissions of Defendant  A-1 Freeman North American, Inc. and A-1 Freeman Moving & Storage, L.L.C. and statutory violations, as set out herein, separately and collectively, were a direct and  proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiff. Any statutory violations constitute negligence *per* se. More specifically, Defendants  violated §545.351 of the Texas Transportation Code, among others, as well as sections of the Federal  Motor Carrier Safety Regulations.

20.     Defendants' violations of these rules and statutes created a risk of injury to Plaintiff  which the standards were designed to protect against. Such negligence was a proximate cause of the  injuries and damages suffered by the Plaintiff.

21.     Defendants' negligent acts and omissions also include, among others, the following:

a.     At the time and on the occasion in question, Defendant Raynaldo R. Perez was in the course and scope of his employment with Defendant A-1 Freeman North American, Inc. and A-1 Freeman Moving & Storage, L.L.C. By virtue of the theory of respondeat superior, Defendant A-1 Freeman North American, Inc. and A-1 Freeman Moving & Storage, L.L.C. is liable for all acts and omissions of

I CERTIFY THIS IS A TRUE COPY.
Witness my Hand and Seal of Office.
November 28, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 6 of 52

negligence of its agent, employee, or representative, Defendant Raynaldo R. Perez;

b.  entrusting the vehicle to Defendant Raynaldo R. Perez when Defendant A-1 Freeman North American, Inc. and A-1 Freeman Moving & Storage, L.L.C. knew or should have known that Defendant Raynaldo R. Perez was an incompetent driver, unqualified to drive a commercial motor vehicle, inadequately trained, and/or reckless;

c.  failing to properly train Defendant Raynaldo R. Perez in the operation of the vehicle in question;

d.  hiring and entrusting incompetent drivers, including Raynaldo R. Perez, with the right to operate a commercial motor vehicle;

e.  failing to do what a reasonably prudent motor carrier would do under the same and similar circumstance;

f.  failing to comply with the Texas Transportation Code and the Federal Motor Carrier Safety Regulations; and

g.  such other acts of negligence, which will be established as the case progresses.

22.  Raynaldo R. Perez' conduct was conducted with reckless disregard for the safety of others, including Plaintiff, and conscious indifference to the rights, welfare and safety of those persons affected by it, including Plaintiff

### PLAINTIFF'S CLAIM OF GROSS NEGLIGENCE AGAINST A-1 FREEMAN NORTH AMERICA, INC. AND A-1 FREEMAN MOVING & STORAGE, L.L.C.

23.  Plaintiff respectfully shows this court and jury that the injuries and damages that Plaintiff sustained in the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, drivers, officers, and representatives in the course of employment for said Defendants.

24.  Plaintiff would further show, these acts and omissions, when viewed from the standpoint of Defendants, involved an extreme degree of risk, considering the


Banks, Frederick – BTAPOP with Discovery Requests

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Page 7 of 52

Page 7

probability and  magnitude of the potential harm to Plaintiff and others.  Defendants had actual,

subjective awareness  of the risks of their conduct, but nevertheless proceeded with conscious

indifference to the rights,  safety, or welfare of Plaintiff and others.

25.      Additionally, Defendants A-1 Freeman North American, Inc. and A-1 Freeman

Moving & Storage, L.L.C. are grossly  negligent as a result of recklessly hiring and entrusting

a commercial motor vehicle to Raynaldo R. Perez, who was unfit to operate a commercial

motor vehicle, proximately caused Plaintiff's damages.

26.      As such, Defendants are grossly negligent and should be subjected to

exemplary damages.

### DAMAGES FOR PLAINTIFF FREDERICK N. BANKS

27.      As a direct and proximate result of the occurrence made the basis of this

lawsuit, Plaintiff Frederick N. Banks has suffered severe injuries and incurred the following

damages:

    a.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Frederick N. Banks, for the necessary care and treatment of the  injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

    b.    Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;

    c.    Physical pain and suffering in the past;

    d.    Physical pain and suffering that will, in all reasonable probability, be suffered  in the future;

    e.    Physical impairment in the past;

    f.    Physical impairment which, in all reasonable probability, will be suffered in  the future;

    g.    Mental anguish in the past;


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith  Page 8 of 52

h.   Mental anguish which, in all reasonable probability, will be suffered in the future;

i.   Loss of earnings and/or earning capacity in the past;

j.   Loss of earning capacity, which, in all probability, will be incurred in the future;

k.   Disfigurement in the past and future; and

l.   Cost of medical monitoring and prevention in the future.

### PLAINTIFF'S REQUEST FOR DISCOVERY

**A. Request for Disclosure**

Defendant is hereby requested to disclose, within fifty (50) days of service of this petition and incorporated request, the information or material described in Rule 194.2(a)-(i) of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

**B. Interrogatories**

Defendant is hereby requested to answer, within fifty (50) days of service this petition and incorporated request, the interrogatories attached hereto separately, fully, in writing, and under oath, pursuant to Rule 197 of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

**C. Request for Production**

Defendant is hereby requested to produce, within fifty (50) days of service of this petition and incorporated request the documents and tangible items in the list attached hereto pursuant to Rule 196 of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

**D. Request for Admissions**

Defendant is hereby requested to admit or deny, in writing, within (50) days of

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith  Page 9 of 52

service of this petition and incorporated request, the propositions of fact and/or law attached hereto pursuant to Rule 198 of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

### RULE 193.7 NOTICE

Pursuant to rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that any and all documents produced by either Plaintiff or Defendant may be used at any pretrial proceeding or at a trail of this matter.

### JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, demand trial by jury, and pursuant to Tex. Gov't Code Ann. §51.604, Plaintiff hereby makes demand and application for jury trial.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Frederick N. Banks, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 10 of 52

DISTRICT CLERK OF JEFFERSON COUNTY TEXAS

Respectfully submitted,

GODSEY LAW FIRM


/s/ Lorin R. George
Lorin R. George
Texas Bar No. 00785489
Email:  GMLIT@gmfirm.com
2950 North Loop West, Suite 570
Houston, TX 77092
Tel. (713) 446-8448
Fax (832) 637-4597


*Attorney for Plaintiff*
*Frederick N. Banks*


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 11 of 52

### PLAINTIFF'S INTERROGATORIES TO
### DEFENDANT RAYNALDO R. PEREZ

### DEFINITIONS AND INSTRUCTIONS

1.     As used herein, the terms "you" and "your" shall refer to Raynaldo R. Perez, Raynaldo R. Perez's attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Raynaldo R. Perez, whether authorized to do so or not.

2.     As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person.   The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.  For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.     In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith   Page 12 of 52

4.      "Person":  The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.      "Identify" or "Identification":

(a)      When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

(b)      When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

(c)      When used in reference to a document, "identify" or "identification" shall include statement of the following:

(i)      the title, heading, or caption, if any, of such document;

(ii)      the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(iii)      the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv)      the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v)      the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi)      the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii)      the physical location of the document and the name of its custodian or custodians.

6.      "Settlement":  as used herein, means:

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 13 of 52

(a)      an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiff and any defendant or between any defendant herein whereby plaintiff or defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

(b)      any resolution of the differences between the plaintiff and defendant by loan to the plaintiff or any other device which is repayable in whole or in part out of any judgment the plaintiff may recover against defendant.

(c)      The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.      Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 14 of 52

## INTERROGATORIES

1.     Please state the full name, address, telephone number, employer, date of birth, driver's license number, social security number (last four numbers), and occupation of the person answering these interrogatories.

**ANSWER**:

2.     State the Style, Court and Cause number of any lawsuit you have been a party to and the final disposition of said suit.

**ANSWER**:

3.     Please state any and all traffic violations you have had in the ten (10) years preceding this collision.  Please indicate if you have had your driving license revoked due to any of these violations and the period of time your license was revoked.

**ANSWER**:

4.     Please state whether you have had any other motor vehicle accidents in the past ten (10) years.  If so, please list the date and location of such accident, the parties involved and a factual description of the accident.

**ANSWER**:

5.     List all criminal arrests and/or charges against you, your predecessors, affiliates, or subsidiaries, or divisions by giving the cause number; identities of all accused; court of jurisdiction; description of criminal charges; date and place of arrest; plea made; date of trial and/or plea bargain; whether or not convicted and on what charges; time served; date of release from confinement; whether or not granted pardon or parole, and if so, date pardon granted or parole was or will be successfully completed.

**ANSWER**:

6.     State in detail what intoxicating beverages, if any, you had consumed and what drugs and/or medications you had taken for the 24 hour period prior to the collision.

**ANSWER**:


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

_Jamie Smith_ Page 15 of 52

7.      Was a cell phone in use in your vehicle at the time of the incident?  If so, state the name
        of the cell phone provider, the cell phone number, who was using the cell phone, to
        whom you (or your passenger) were speaking to at the time of the incident, and the name
        of the person who received the bill for the cell phone(s).

**ANSWER**:

8.      Have you, your agents, investigators or attorneys or anyone acting on your behalf
        obtained a written or recorded statement of any kind, report or memorandum, whether
        recorded stenographically transcribed, oral or otherwise from any person.  If so, please
        identify the individual from whom the statement was taken and the date the statement
        was taken.  If so, then please also indicate your willingness to allow Frederick N. Banks
        to inspect and copy or photograph the same.

**ANSWER**:

9.      Do you, your attorneys or investigators or anyone acting on your behalf, have any maps,
        charts, diagrams, photographs, videos, motion pictures, and/or recordings taken of the
        scene of this incident, or of any of the physical or mechanical objects, or of the person
        involved in this incident?  If yes, then please indicate your willingness to allow Frederick
        N. Banks to inspect and copy or photograph the same.

**ANSWER**:

10.     Were any tests, inspections or measurements made or taken with respect to the collision
        scene or any object involved?  If so, please state the name, telephone number, and
        address of the person now having custody of any written report concerning each test,
        inspection or measurement.

**ANSWER**:

11.     Please state completely and fully all representations, statements, declarations or
        admissions made by Frederick N. Banks or any agent, servant or employee of Frederick
        N. Banks.  Include in your answer when the communication was made, the total verbatim
        communication and, if that is not possible, then state the detailed substance of the
        communication, by whom the communication was made, where such communication
        took place, and all persons present when such communication was made.

**ANSWER**:


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY , TEXAS

Jamie Smith  Page 16 of 52

Banks, Frederick – BTAPOP with Discovery Requests                                    Page 16

12.   Please give a detailed description of exactly how the collision made the basis of the lawsuit occurred. Please indicate in your description the speed or estimated speed that the vehicles were traveling at the time of the incident. On the back of this sheet, please draw a diagram to indicate the location of the accident and the direction that the vehicles were traveling at the time of the collision.

**ANSWER:**

13.   State the full name, telephone number, address and your immediate supervisor for your employers for the last ten (10) years. Please indicate if you have held any ownership interest in this(these) business(es).

**ANSWER:**

14.   Please state the number and state of issuance of Defendant's driver's license, whether such license was valid at the time of the collision, and whether Defendant's driver's license has ever been suspended or revoked.

**ANSWER:**

15.   Please list all traffic accidents in which Defendant has been involved within the last five (5) years, including the locations, date of accident, and a brief description of each accident.

**ANSWER:**

16.   Identify all passengers in the vehicle you were operating when the collision occurred.

**ANSWER:**

17.   State any electronic devices in use at the time of accident including but not limited to navigation devices, tablets, radios, etc. Exclude only those devices integral to the operation of the vehicle.

**ANSWER:**

18.   Please state completely and fully all representations, statements, declarations or admissions made by Frederick Banks or any agent, servant or employee of Frederick N. Banks. Include in your answer when the communication was made, the total verbatim communication and, if that is not possible, then state the detailed substance of the communication, by whom the communication was made, where such communication took place, and all persons present when such communication was made.

**ANSWER:**



I CERTIFY THIS IS A TRUE COPY.
Witness my Hand and Seal of Office,
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith  Page 17 of 52

## VERIFICATION

STATE OF TEXAS                           §
                                         §
COUNTY OF _____                    §

     BEFORE ME, the undersigned authority, personally appeared Raynaldo R. Perez, who

stated, upon oath, that the statements made in the foregoing instrument are within his personal

knowledge and are true and correct.

_____
Raynaldo R. Perez

**SUBSCRIBED AND SWORN TO BEFORE ME** on _____, by

_____.

_____
Notary Public, State of Texas

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith  Page 18 of 52

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
## TO DEFENDANT RAYNALDO R. PEREZ

### DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the terms "you" and "your" shall mean Raynaldo R. Perez, and all attorneys, agents, and other natural persons or business or legal entities acting or purporting to act for or on behalf of Raynaldo R. Perez, whether authorized to do so or not.

2.      As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries or drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements or interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.      In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.      "Person" or "persons" means any natural persons, firms, partnerships,



I CERTIFY THIS IS A TRUE COPY.
Witness my Hand and Seal of Office.
November 28, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 19 of 52

associations, joint ventures, corporations and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

5.      Any and all data or information which is in electronic or magnetic form should be produced in a reasonable manner.

### USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

### TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from September 29, 2015, through the date of production of documents requested herein.

I CERTIFY THIS IS A TRUE COPY.
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith  Page 20 of 52

# DOCUMENTS TO BE PRODUCED

1.  All photographs taken in connection with Plaintiff's cause of action in the possession, constructive possession, custody or control of Raynaldo R. Perez, Raynaldo R. Perez's attorney or anyone acting on Raynaldo R. Perez's behalf.

2.  All photographs taken of the scene of the accident or the surrounding area of the scene of the accident in the possession, constructive possession, custody or control of Raynaldo R. Perez, Raynaldo R. Perez's attorney or anyone acting on Raynaldo R. Perez's behalf.

3.  All photographs taken of Frederick N. Banks which may be in the possession, constructive possession, custody or control of Raynaldo R. Perez, Raynaldo R. Perez's attorney or anyone acting on Raynaldo R. Perez's behalf.

4.  All pictures, motion pictures, movies, films, or photographic material of any kind taken of Frederick Banks which are in the possession, constructive possession, custody or control of Raynaldo R. Perez, Raynaldo R. Perez's attorney or anyone acting on Raynaldo R. Perez's behalf.

5.  All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of the lawsuit taken before, during or after the accident in question which are in the possession, constructive possession, custody or control of Raynaldo R. Perez, Raynaldo R. Perez's attorney or anyone acting on Raynaldo R. Perez's behalf.

6.  All written statements made by the Frederick N. Banks in the possession, constructive possession, custody or control of Raynaldo R. Perez, Raynaldo R. Perez's attorney or anyone acting on Raynaldo R. Perez's behalf.

7.  All oral statements made by Frederick N. Banks which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of Raynaldo R. Perez, Raynaldo R. Perez's attorney or anyone acting on Raynaldo R. Perez's behalf.

8.  A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about Frederick N. Banks which are in the possession, constructive possession, custody or control of Raynaldo R. Perez, Raynaldo R. Perez's attorney or anyone acting on Raynaldo R. Perez's behalf.

9.  All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness.  (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that Raynaldo R. Perez advise Frederick N. Banks accordingly and reduce such material to a tangible form).

 I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
Banks, Frederick – BTAPOP with Discovery Requests                    Page 21
November 28, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 21 of 52

10.    A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

11.    Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to Raynaldo R. Perez, as a result of the accident which has been made the basis of Plaintiff's lawsuit.

12.    Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of Raynaldo R. Perez that Raynaldo R. Perez prepared as a result of the accident made the basis of Plaintiff's lawsuit.

13.    Please produce a copy of Defendant Raynaldo R. Perez driver's license.

14.    Please produce a copy of Defendant driver's Raynaldo R. Perez cellular telephone records for September 29, 2015.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith    Page 22 of 52

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO
## DEFENDANT RAYNALDO R. PEREZ

### DEFINITIONS AND INSTRUCTIONS

1.     As used herein, the terms, "you" and "your" shall mean Raynaldo R. Perez and all attorneys, agents, and other natural persons or business or legal entities acting or purporting to act for or on behalf of Raynaldo R. Perez whether to do so or not.

2.     As used herein, the term "collision" shall refer to the collision that occurred on September 29, 2015 and that makes the basis of this suit.

3.     "Person" or "Persons" mean any natural persons, firms, partnerships, associations, joint ventures, corporation and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies.  If other than a natural person, include all natural persons associated with such entity.

### ADMISSIONS

1.     That you, at the time of the incident made the basis of this suit, were driving a 2010 White Freightliner tractor-trailer in the course and scope of your employment with A-1 FREEMAN NORTH AMERICA, INC. AND A-1 FREEMAN MOVING & STORAGE, L.L.C.

ADMIT OR DENY: _____

2.     The collision was a result of your failure to keep a proper lookout.

ADMIT OR DENY: _____

3.     The collision was a result of your failure to keep a safe distance between your vehicle and Plaintiff's.

4.     That you have been convicted of more than one traffic violation prior to the collision.

ADMIT OR DENY: _____

5.     You were intoxicated at the time of the collision.

ADMIT OR DENY: _____

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 23 of 52

6.      You were solely at fault in the collision.

ADMIT OR DENY: _____

7.      The Plaintiff did nothing to cause or contribute to the collision.

ADMIT OR DENY: _____

8.      The collision was a result of your inattentiveness or driver inattention.

ADMIT OR DENY: _____

9.      At the time of the collision, you were operating your cell phone.

ADMIT OR DENY: _____

10.     You have caused at least one other accident.

ADMIT OR DENY: _____

11.     Plaintiff's damages are a direct result of your negligence.

ADMIT OR DENY: _____

12.     That you were consuming alcoholic beverages at a bar prior to the accident in question.

ADMIT OR DENY: _____

13.     That you were consuming alcoholic beverages at a restaurant or establishment prior to the accident in question.

ADMIT OR DENY: _____

14.     That you were consuming alcoholic beverages at a residence prior to the accident in question.

ADMIT OR DENY: _____

15.     That you were driving while intoxicated at the time of the incident in question.

ADMIT OR DENY: _____

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 24 of 52

16.   That you were driving under the influence of illegal narcotic drugs at time of the incident of question.

ADMIT OR DENY: _____

17.   That you were driving under the influence of narcotic drugs at the time of the incident of question.

ADMIT OR DENY: _____

19.   That Raynaldo R. Perez, at the time of the incident made the basis of this suit, wasoperating the vehicle in violation of Texas Transportation Code Sec. 545.351.

ADMIT OR DENY: _____

20.   That Raynaldo R. Perez, at the time of the incident made the basis of this suit was operating the vehicle in violation of the Federal Motor Carrier Safety Regulations.

ADMIT OR DENY: _____

I CERTIFY THIS IS A TRUE COPY.
Witness my Hand and Seal of Office.
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith   Page 25 of 52

### PLAINTIFF'S INTERROGATORIES TO
### DEFENDANTS A-1 FREEMAN NORTH AMERICAN, INC and A-1 FREEMAN AND STORAGE, L.L.C

### DEFINITIONS AND INSTRUCTIONS

1.     As used herein, the terms "you" and "your" shall refer to A-1 Freeman North American, Inc. and/or A-1 Freeman Moving & Storage, L.L.C., A-1 Freeman North American, Inc.'s and/or A-1 Freeman Moving & Storage, L.L.C.'s attorneys, agents, and all other natural persons and/or business or legal entities acting or purporting to act for or on behalf of A-1 Freeman North American, Inc. and/or A-1 Freeman Moving & Storage, L.L.C., whether authorized to do so or not.

2.     As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person.   The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.  For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.     In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith   Page 26 of 52

right to possession of the item that is equal or superior to the person who has physical control of the item.

4.     "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.     "Identify" or "Identification":

(a)     When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

(b)     When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

(c)     When used in reference to a document, "identify" or "identification" shall include statement of the following:

(i)     the title, heading, or caption, if any, of such document;

(ii)     the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(iii)     the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv)     the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v)     the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi)     the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii)     the physical location of the document and the name of its custodian



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 27 of 52

or custodians.

6.      "Settlement": as used herein, means:

        (a)      an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiff and any defendant or between any defendant herein whereby plaintiff or defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

        (b)      any resolution of the differences between the plaintiff and defendant by loan to the plaintiff or any other device which is repayable in whole or in part out of any judgment the plaintiff may recover against defendant.

        (c)      The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.      Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 28 of 52

## **INTERROGATORIES**

1.      Please state the full name, address, telephone number, date of birth, driver's license number, social security number, and occupation of the person answering these interrogatories.

**ANSWER**:

2.      State the Style, Court and Cause number of any lawsuit(s) A-1 Freeman North American, Inc. and/or A-1 Freeman Moving & Storage, L.L.C. have been a party to and the final disposition of said suit(s).

**ANSWER**:

3.      Please state any and all traffic violations you are aware of involving Raynaldo R. Perez in the ten (10) years preceding this collision. Please indicate if you are aware if Raynaldo R. Perez had his driving license revoked due to any of these violations and the period of time his/her license was revoked.

**ANSWER**:

4.      Please list any other motor vehicle accidents in the past ten (10) years involving employees of A-1 Freeman North American, Inc. and/or A-1 Freeman Moving & Storage, L.L.C. Please list the date and location of such accident, the parties involved and a factual description of the accident.

**ANSWER**:

5.      List all criminal arrests and/or charges against that you are aware of pertaining to Raynaldo R. Perez by giving the cause number; identities of all accused; court of jurisdiction; description of criminal charges; date and place of arrest; plea made; date of trial and/or plea bargain; whether or not convicted and on what charges; time served; date of release from confinement; whether or not granted pardon or parole, and if so, date pardon granted or parole was or will be successfully completed.

**ANSWER**:

6.      State in detail what intoxicating beverages, if any, Raynaldo R. Perez had consumed and what drugs and/or medications you had taken for the 24 hour period prior to the collision.

**ANSWER**:



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 29 of 52

Banks, Frederick – BTAPOP with Discovery Requests                                          Page 29

7.    Was a cell phone in use in Raynaldo R. Perez's vehicle at the time of the incident?  If so, state whether or not the cell phone is provided by A-1 Freeman North American, Inc. or A-1 Freeman Moving & Storage, L.L.C.  Also provide the name of the cell phone provider, the cell phone number, and the name of the person who receives the bill for the cell phone(s).

**ANSWER**:

8.    Have you, your agents, investigators or attorneys or anyone acting on your behalf obtained a written or recorded statement of any kind, report or memorandum, whether recorded stenographically transcribed, oral or otherwise from any person.  If so, please identify the individual from whom the statement was taken and the date the statement was taken.  If so, then please also indicate your willingness to allow Frederick N. Banks to inspect and copy or photograph the same.

**ANSWER**:

9.    Do you, your attorneys or investigators or anyone acting on your behalf, have any maps, charts, diagrams, photographs, videos, motion pictures, and/or recordings taken of the scene of this incident, or of any of the physical or mechanical objects, or of the person involved in this incident?  If yes, then please indicate your willingness to allow Frederick N. Banks to inspect and copy or photograph the same.

**ANSWER**:

10.   Were any tests, inspections or measurements made or taken with respect to the collision scene or any object involved?  If so, please state the name, telephone number, and address of the person now having custody of any written report concerning each test, inspection or measurement.

**ANSWER**:

11.   Please state completely and fully all representations, statements, declarations or admissions made by Frederick Banks or any agent, servant or employee of Frederick Banks.  Include in your answer when the communication was made, the total verbatim communication and, if that is not possible, then state the detailed substance of the communication, by whom the communication was made, where such communication took place, and all persons present when such communication was made.

**ANSWER**:


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Janie Smith  Page 30 of 52

12.    Please give a detailed description of your understanding of how the collision made the basis of the lawsuit occurred.  Please indicate in your description the speed or estimated speed that the vehicles were traveling at the time of the incident.  On the back of this sheet, please draw a diagram to indicate the location of the accident and the direction that the vehicles were traveling at the time of the collision.

**ANSWER**:

13.    Do you contend that the Plaintiff was negligent and careless and that such negligence and carelessness caused and/or contributed to the accident complained on in the complaint on file herein?  If so, please state each and every fact in support of such contention, and state the name, address and telephone number of each person claiming to have relevant knowledge and/or percipient witness to each such fact claimed.

**ANSWER**:

14.    Do you contend that on September 29, 2015 that you did not rent, lease, or otherwise provide to Defendant Raynaldo R. Perez, that certain 2010 Freightliner Oklahoma License Plate number 2TP959?  If so, please state each and every fact in support of such contention and the name, address and telephone number of the person(s) having knowledge and/or percipient witness of such facts.

**ANSWER**:

15.    Do you contend that others or third parties are responsible in some manner for the incident complained of and the injuries and damages alleged by the Plaintiff?  If so, please state the name, address and telephone number of each person claiming to have relevant knowledge and/or percipient witness to such fact.

**ANSWER**:

16.    State the date, time and place where you provided the aforesaid automobile to the Defendant named hereinabove and state in complete detail the nature of any restrictions placed upon such Defendant regarding the use and operation of such vehicle.

**ANSWER**:

17.    At any time prior to the time you provided the aforesaid automobile to the person or persons named as Defendants in the complaint hereinabove, did you inquire of such person(s) whether or not such person(s) had any moving violations within a five-year period prior to the date of the accident complained of in the complaint filed herein?

**ANSWER**:


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 31 of 52

Banks, Frederick – BTAPOP with Discovery Requests                    Page 31

18.     If you contend that in fact you inquired of the person(s) to whom you provided the aforesaid vehicle of such person(s) prior moving violations within a five-year period prior to the date of the incident alleged, describe in complete detail the method utilized by you to ascertain such information, and the nature of the response given to such inquiry.

**ANSWER:**

19.     Do you contend that you did everything possible to ascertain the driving habits of the person to whom you provided the aforementioned automobile?  If so, please state each and every fact in support of such contention and state the name, address and telephone number of the person(s) having relevant knowledge, facts and/or percipient witnesses thereto.

**ANSWER:**

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith

## VERIFICATION

STATE OF _____       §
                                         §

COUNTY OF _____       §

       BEFORE ME, the undersigned authority, personally appeared

_____ (please print), who stated, upon oath, that the

statements made in the foregoing instrument are within his/her personal knowledge and are true

and correct.

                                  _____

                                  Authorized Representative of
                                  A-1 Freeman North American, Inc.

**SUBSCRIBED AND SWORN TO BEFORE ME** on _____, by

_____.

                                  _____

                                  Notary Public, State of Texas

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
Banks, Frederick - BTAPOP with Discovery Requests          Page 33
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

*Jamie Smith* Page 33 of 52

## **VERIFICATION**

STATE OF _____                §
                                         §
COUNTY OF _____                   §

      BEFORE     ME,     the     undersigned     authority,     personally     appeared

_____ (please print), who stated, upon oath, that the

statements made in the foregoing instrument are within his/her personal knowledge and are true

and correct.

                                             _____
                                           Authorized Representative of
                                           A-1 Freeman Moving & Storage, L.L.C.

**SUBSCRIBED AND SWORN TO BEFORE ME** on _____, by
_____.

                                           _____
                                           Notary Public, State of Texas

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
Banks, Frederick – BTAPOP with Discovery Requests            Page 34
November 28, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith  Page 34 of 52

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
TO DEFENDANT A-1 FREEMAN NORTH AMERICAN, INC and A-1 FREEMAN
MOVING AND STORAGE, L.L.C**

## DEFINITIONS AND INSTRUCTIONS

    1.    As used herein, the terms "you" and "your" shall mean A-1 Freeman North American, Inc. and/or A-1 Freeman Moving & Storage, L.L.C., and all attorneys, agents, and other natural persons or business or legal entities acting or purporting to act for or on behalf of A-1 Freeman North American, Inc. and/or A-1 Freeman Moving & Storage, L.L.C., whether authorized to do so or not.

    2.    As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries or drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements or interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

    3.    In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 35 of 52

the item.

4.      "Person" or "persons" means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

5.      Any and all data or information which is in electronic or magnetic form should be produced in a reasonable manner.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from September 29, 2015, through the date of production of documents requested herein.

I CERTIFY THIS IS A TRUE COPY.
Witness my Hand and Seal of Office.
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith   Page 36 of 52

## DOCUMENTS TO BE PRODUCED

1.    All photographs taken in connection with Plaintiff's cause of action in the possession, constructive possession, custody or control of A-1 Freeman North American, Inc. and/or A-1 Freeman Moving & Storage, L.L.C., A-1 Freeman North American, Inc.'s and/or A-1 Freeman Moving & Storage, L.L.C.'s attorney or anyone acting on A-1 Freeman North American, Inc.'s and/or A-1 Freeman Moving & Storage, L.L.C.'s behalf.

2.    All photographs taken of the scene of the accident or the surrounding area of the scene of the accident in the possession, constructive possession, custody or control of A-1 Freeman North American, Inc. and/or A-1 Freeman Moving & Storage, L.L.C., A-1 Freeman North American, Inc.'s and/or A-1 Freeman Moving & Storage, L.L.C.'s attorney or anyone acting on A-1 Freeman North American, Inc.'s and/or A-1 Freeman Moving & Storage, L.L.C.'s behalf.

3.    All photographs taken of Frederick Banks which may be in the possession, constructive possession, custody or control of A-1 Freeman North American, Inc. and/or A-1 Freeman Moving & Storage, L.L.C., A-1 Freeman North American, Inc.'s and/or A-1 Freeman Moving & Storage, L.L.C.'s attorney or anyone acting on A-1 Freeman North American, Inc.'s and/or A-1 Freeman Moving & Storage, L.L.C.'s behalf.

4.    All pictures, motion pictures, movies, films, or photographic material of any kind taken of Frederick Banks which are in the possession, constructive possession, custody or control of A-1 Freeman North American, Inc. and/or A-1 Freeman Moving & Storage, L.L.C., A-1 Freeman North American, Inc.'s and/or A-1 Freeman Moving & Storage, L.L.C.'s attorney or anyone acting on A-1 Freeman North American, Inc.'s and/or A-1 Freeman Moving & Storage, L.L.C.'s behalf.

5.    All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of the lawsuit taken before, during or after the accident in question which are in the possession, constructive possession, custody or control of A-1 Freeman North American, Inc. and/or A-1 Freeman Moving & Storage, L.L.C., A-1 Freeman North American, Inc.'s and/or A-1 Freeman Moving & Storage, L.L.C.'s attorney or anyone acting on A-1 Freeman North American, Inc.'s and/or A-1 Freeman Moving & Storage, L.L.C.'s behalf.

6.    All written statements made by the Frederick Banks in the possession, constructive possession, custody or control of A-1 Freeman North American, Inc. and/or A-1 Freeman Moving & Storage, L.L.C., A-1 Freeman North American, Inc.'s and/or A-1 Freeman Moving & Storage, L.L.C.'s attorney or anyone acting on A-1 Freeman North American, Inc.'s and/or A-1 Freeman Moving & Storage, L.L.C.'s behalf.

7.    All oral statements made by Frederick Banks which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of A-1 Freeman North American, Inc. and/or A-1 Freeman Moving & Storage, L.L.C., A-1 Freeman North American, Inc.'s and/or A-1 Freeman Moving &


Banks, Frederick – BTAPOP with Discovery Requests                                    Page 37

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith  Page 37 of 52

Storage, L.L.C.'s attorney or anyone acting on A-1 Freeman North American, Inc.'s and/or A-1 Freeman Moving & Storage, L.L.C.'s behalf.

8.   A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about Frederick N. Banks which are in the possession, constructive possession, custody or control of A-1 Freeman North American, Inc. and/or A-1 Freeman Moving & Storage, L.L.C., A-1 Freeman North American, Inc.'s and/or A-1 Freeman Moving & Storage, L.L.C.'s attorney or anyone acting on A-1 Freeman North American, Inc.'s and/or A-1 Freeman Moving & Storage, L.L.C.'s behalf.

9.   All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness. (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that A-1 Freeman North American, Inc. and/or A-1 Freeman Moving & Storage, L.L.C. advise Frederick N. Banks accordingly and reduce such material to a tangible form).

10.   A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

11.   Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to A-1 Freeman North American, Inc. or and/or A-1 Freeman Moving & Storage, L.L.C. as a result of the accident which has been made the basis of Plaintiff's lawsuit.

12.   Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of A-1 Freeman North American, Inc. and/or A-1 Freeman Moving & Storage, L.L.C. that A-1 Freeman North American, Inc. and/or A-1 Freeman Moving & Storage, L.L.C. prepared as a result of the accident made the basis of Plaintiff's lawsuit.

13.   The title to the 2010 White Freightliner vehicle your employee, Raynaldo R. Perez, was driving in this collision and any tractor connected to it.

14.   Bills of lading for any shipments transported by Raynaldo R. Perez, for the day of the collision and the thirty (30) day period preceding the collision.

15.   Any oversized permits or other applicable permits or licenses covering the vehicle or load on the day of the collision.

16.   Raynaldo R. Perez's daily logs and his co-driver's logs (if any) for the day of the collision, and the six month period preceding the collision, together with all material required by 49 C.F.R. 396.8 and 395.15 for the driver(s) involved in the above matter

I CERTIFY THIS IS A TRUE COPY.
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 38 of 52

together with the results of any computer program used to check logs as well as all results of any audit of the logs by your company or a third party.

17.  All existing driver vehicle inspection reports required under 49 C.F.R. 396.11 for the vehicle involved in the above collision.

18.  All existing daily inspection reports for the tractor and trailer involved in this collision.

19.  All existing maintenance, inspection and repair records or work orders on the tractor and trailer involved in the above collision.

20.  All annual inspection reports for the tractor and trailer involved in the above collision, covering the date of the collision.

21.  Raynaldo R. Perez's complete driver's qualification file, as required by 49 C.F.R. 391-51, including but not limited to:

        a.    Application for employment
        b.    CDL license
        c.    Driver's certification of prior traffic violations
        d.    Driver's certification of prior collisions
        e.    Driver's employment history
        f.    Inquiry into driver's employment history
        g.    Pre-employment MVR
        h.    Annual MVR
        i.    Annual review of driver history
        j.    Certification of road test
        k.    Medical examiner's certificate
        l.    Drug testing records
        m.    HAZMAT or other training documents

22.  Photographs, video, computer generated media, or other recordings of the interior and exterior of vehicles involved in this collision, the collision scene, the occurrence, or relating to any equipment or things originally located at or near the site of the occurrence.

23.  The driver's post-collision alcohol and drug testing results.

24.  Any lease contracts or agreements covering the driver or the tractor or trailer (vehicle) involved in this collision.

25.  Any interchange agreements regarding the tractor or trailer (vehicle) involved in this collision.

26.  Any data and printout from on-board recording devices, including but not limited to the ECM (electronic control module), any on-board computer, tachograph, trip monitor, trip recorder, trip master or other recording or tracking device for the day of the collision and


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
Banks, Frederick – BTAPOP with Discovery Requests        Page 39
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 39 of 52

the six (6) month period preceding the collision for the equipment involved in the collision.

27. Any post-collision maintenance, inspection, or repair records or invoices in regard to the tractor and trailer involved in the above collision.

28. Any weight tickets, fuel receipts, hotel bills, tolls, or other records of expenses, to include expense sheets and settlement sheets regardless of type (to specifically include Comdata or similar vendor reports), for the truck driver pertaining to trips taken for the day of the collision and thirty (30) days prior to the collision.

29. Any trip reports, dispatch records, trip envelopes regarding the driver or the tractor or trailer involved in this collision for the day of the collision and the thirty (30) day period preceding this collision.

30. Any e-mails, electronic messages, letters, memos, or other documents concerning this collision.

31. The collision register maintained by the motor carrier as required by federal law for the one (1) year period preceding this collision.

32. Any drivers' manuals, guidelines, rules or regulations given to drivers such as the one involved in this collision.

33. Any reports, memos, notes, logs or other documents evidencing complaints about the driver in the above collision.

34. Any DOT or PSC reports, memos, notes or correspondence concerning the driver or the tractor or trailer involved in this collision.

35. Any downloadable computer data from the tractor's (if applicable) computer system.

36. The pre-trip inspection report completed by the driver for the trip involved in this collision.

37. All OmniTRAC, Qualcomm, MVPc, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, and other similar systems data for the six (6) months prior to the collision for this driver and truck.

38. Cargo pickup or delivery orders prepared by motor carriers, brokers, shippers, receivers, driver, or other persons, or organizations for thirty (30) days prior to the date of the collision as well as the day of the collision.

39. Accounting records, cargo transportation bills and subsequent payments or other records indicating billings for transportation or subsequent payment for the transportation of cargo, with both the front and back of cancelled checks for cargo transported by the



I CERTIFY THIS IS A TRUE COPY.
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith  Page 40 of 52

driver and/or truck involved in the collision for thirty (30) days prior to the date of the collision as well as the day of the collision.

40. Any other items associated in any way with the wreck, documents, database, or other piece of evidence concerning or reflecting upon the driver, the collision, the tractor-trailer, or the truck.

41. The entire personnel file of the driver involved in this collision.

42. Any and all communications via CB radio, mobile or satellite communication systems, email, cellular phone, pager or other in cab communication device to include the bills for the devices for the day before, the day of, and the two days after the collision.

43. All letters, reports, and written material from a government entity involving safety, and safety ratings for the company and driver to include, but not be limited to, Department of Transportation audits by the state or federal government, the Federal Motor Carrier Safety Administration, or material generated on your company or driver pursuant to SAFERSYS or CSA 2010

44. Any and all computer, electronic, or e-mail messages created in the first forty eight hours immediately after the incident, by and between the defendant and any agents or third parties relating to the facts, circumstances, or actual investigation of the incident as well as any computer messages which relate to this particular incident, whether generated or received.

45. If not previously listed, all documents required by Federal Motor Carrier Safety Regulation 395.8, specifically those items identified in the Department of Transportation's interpretation of the regulation in its Answer to Question 10, a copy of which is attached.

46. All electronic documents and the storage media on which they reside which contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we will seek all documents in their electronic form along with information about those documents contained on the media. We also will seek paper printouts of only those documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which no corresponding electronic files exist. Our discovery requests will ask for certain data on the hard disks, floppy disks and backup media used in your computers, some of which data are not readily available to an ordinary computer user, such as "deleted" files and "file fragments." As you may know, although a user may "erase" or "delete" a file, all that is really erased is a reference to that file in a table on the hard disk; unless overwritten with new data, a "deleted" file can be as intact on the disk as any "active" file you would see in a directory listing.

Texas law is clear that all (non-privileged) information available on electronic storage

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 41 of 52

media is discoverable, whether readily readable ("active") or "deleted" but recoverable. See, TEX. R. CIV. P. 192.3(b) cmt. – 1999. <u>Santiago v. Miles</u>, 121 F.R.D. 636, 640 (W.D.N.Y. 1988; a request for "raw information in computer banks" was proper and obtainable under the discovery rules); <u>Gates Rubber Co. v. Bando Chemical Indus., Ltd.</u>, 167 F.R.D. 90, 112 (D. Colo. 1996; mirror-image copy of everything on a hard drive "the method which would yield the most complete and accurate results," chastising a party's expert for failing to do so); and <u>Northwest Airlines, Inc. v. Teamsters Local 2000</u>, 163 L.R.R.M. (BNA) 2460, (USDC Minn. 1999); court ordered image-copying by Northwest's expert of home computer hard drives of employees suspected of orchestrating an illegal "sick-out" on the Internet).

47.   All digital or analog electronic files, including "deleted" files and file fragments, stored in machine-readable format on magnetic, optical or other storage media, including the hard drives or floppy disks used by your computers and their backup media (e.g., other hard drives, backup tapes, floppy disks, DVD's, Jaz cartridges, CD-ROMs, etc.) or otherwise, whether such files have been reduced to paper printouts or not. More specifically, you are to preserve all of your e-mails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all CAD (computer-aided design) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and personal information management (PIM) software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal data assistants (PDAs), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows CE-based or Pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and "cookies" files generated at the workstation of each employee and/or agent in your employ and on any and all backup storage media; and any and all other files generated by users through the use of computers and/or telecommunications, including but not limited to voice mail. Further, you are to preserve any log or logs of network use by employees or otherwise, whether kept in paper or electronic form, and to preserve all copies of your backup tapes and the software necessary to reconstruct the data on those tapes, so that there can be made a complete, bit-by-bit "mirror" evidentiary image copy of the storage media of each and every personal computer (and/or workstation) and network server in your control and custody, as well as image copies of all hard drives retained by you and no longer in service, but in use at any time from 9/29/2015 to the present.

48.   All documents and information about documents containing backup and/or archive policy and/or procedure, document retention policy, names of backup and/or archive software, names and addresses of any offsite storage provider.

49.   All e-mails, and information about e-mails (including message contents, header information and logs of e-mail system usage) sent or received by the driver and co-driver involved in the collision for period of time involving the collision and the seven (7) days


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 42 of 52

Banks, Frederick – BTAPOP with Discovery Requests                    Page 42

before and after the collision.

50.    All other e-mail and information about e-mail (including message contents, header information and logs of e-mail system usage) containing information about or related to the driver's involvement in the collision for period of time involving the collision and the seven (7) days before and after the collision.

51.    All databases (including all records and fields and structural information in such databases), containing any reference to and/or information about or related to the maintenance, maintenance schedule, and repairs made to any portion of the vehicle (mechanical or otherwise) being driven by Raynaldo R. Perez in the incident made the basis of this suit for period of time involving the collision and the one (1) year before the collision to the present.

52.    All logs of activity (both in paper and electronic formats) on computer systems and networks that have or may have been used to process or store electronic data containing information about or related to the collision for period of time involving the collision and the six (6) months before the collision to the present.

53.    All word processing files, including prior drafts, "deleted" files and file fragments, containing information about or related to the use of the vehicle being driven by Gary Arsenault on the date of the collision made the basis of this suit for period of time involving the collision and the six (6) months before the collision to the present:

54.    All electronic data files, including prior drafts, "deleted" files and file fragments, containing information about or related to the maintenance, maintenance schedule, and repairs for the vehicle (mechanical or otherwise) for period of time involving the collision and the one (1) year before the collision to the present.

55.    All files, including prior drafts, "deleted" files and file fragments, containing information from electronic calendars and scheduling programs regarding or related to the routes and destinations driven by Raynaldo R. Perez for period of time involving the collision and the one (1) year before the collision to the present.

56.    All electronic data files, including prior drafts, "deleted" files and file fragments about or related to drug screening and/or testing performed on Raynaldo R. Perez for period of time involving the collision and the forty-eight (48) hours following the collision.

57.    All electronic data files, including prior drafts, "deleted" files and file fragments about or related to any and all prior auto collisions where Raynaldo R. Perez was involved.

58.    All activity logs as to document modifications made to any electronic data processing system that may affect the system's capability to process any electronic data meeting the criteria listed above, regardless of whether such modifications were made by employees, contractors, vendors and/or any other third parties.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith    Page 43 of 52

Banks, Frederick – BTAPOP with Discovery Requests        Page 43

59.     Any legible copies of the position history for all vehicles being operated by Raynaldo R. Perez for you as of the date of the incident, and the six (65) months preceding said date.

60.     Any fuel receipts, fuel cards, toll both receipts and weight station tickets which relate to the operation of any vehicles on Defendant's behalf obtained by Raynaldo R. Perez for the date of the incident and the thirty (30) days preceding said date.

61.     Any employee payroll records and paycheck stubs for Raynaldo R. Perez for the date of the incident and the six (6) months preceding said date.

62.     Any documents which reasonably identify the pick-up and drop-off locations for any loads which were transported by Raynaldo R. Perez as of the date in question,  and the thirty (30) days preceding said date.  NOTE: This request includes all documents which reflect any trips necessary to get to the pick-up locations referenced herein.

63.     Produce complete, legible copies of all XATA records for the vehicle being operated by Raynaldo R. Perez on the date in question, and the six (6) months preceding said date.

64.     Produce complete, legible copies of all communications (including electronic and on-board computer communications) sent by Defendant to Raynaldo R. Perez on the date in question,  and the six (6) months preceding said date.

65.     Produce complete, legible copies of all expert reports that were generated as result of any vehicular accidents (injury and non-injury) involving any vehicles owned by Defendant or being operated on Defendant's behalf during the three (3) years preceding the incident in question.

66.     Produce complete, legible copies of all pleadings which contain any allegations of negligence which name Defendant as a party and were filed during the three (3) years preceding the incident in question.

67.     Produce complete, legible copies of all daily trip envelopes and reports for Raynaldo R. Perez for the date in question and the six (6) months preceding said date.

68.     Produce complete, legible copies of all trip expenses for Raynaldo R. Perez for the date in question and the six (6) months preceding said date.

69.     Produce complete, legible copies of all records which reflect the driver training for Raynaldo R. Perez while he was employed by you and/or operated a motor vehicle on your behalf.

70.     Produce complete, legible copies of all your policies and procedures regarding driver safety that were in effect on the date of the incident.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith  Page 44 of 52



71.    Produce complete, legible copies of all your policies and procedures regarding accident avoidance that were in effect on the date of the incident.

72.    Produce a copy of any educational videotape or DVD which pertains to the safe operation of a commercial vehicle that was being used by Defendant as of the date in question for driver training purposes.

73.    Produce all experts' reports that have been prepared as a result of this lawsuit or the incident that is the basis of this lawsuit, of each testifying expert, and each consulting expert whose report has been reviewed by a testifying expert.

74.    Produce all documents prepared by any consulting expert that have been reviewed by any expert who will testify at trial or by deposition.

75.    A list of any published treatises, rules, guidelines, statutes, policies, procedures, periodicals, or pamphlets on the subject involved in this lawsuit from which statements are intended to be read into evidence.  In identifying and listing the published treatises, periodicals, or pamphlets, please state the title, volume and/or page number, author, and the statement or portion, which will be read into evidence.

76.    Produce a curriculum vitae or resume for each expert you expect to testify at trial, and for each consulting expert whose opinions or observations a testifying expert will review or has reviewed, including a bibliography of all works, authored, co-authored or contributed to be each expert.

77.    Produce all invoices, bills, or other billing materials for each expert you expect to testify at trial, and for each consulting only expert whose opinions or observations a testifying expert will review or has reviewed.

78.    Produce all working papers, tests, notes, computer-assisted recreations, calculations, diagrams, photographs, movies, videotapes, sketches, graphs, models, mock-ups, exhibits, and other documents, including reports and factual observations, prepared for or reviewed by an expert who will testify at trial or by deposition.

79.    Produce all statements, whether recorded or written, made by Plaintiff(s) and their agents, employees, or representatives or Defendants, and/or other people or entities concerning the subject matter of this lawsuit, either oral or written.

80.    Produce any and all correspondence, communications, letters notes of oral communications, and all other documents or writings sent to or received from, or exchanged by and between you and the Plaintiff and his/her agents or representatives concerning the subject matter of this lawsuit.

81.    Produce all agreements for settlement, indemnification, compromise, guarantee, or any other kind of agreement which you have entered into with any party, or non-party, as a result of the or relating to this lawsuit.



I CERTIFY THIS IS A TRUE COPY.
Witness my Hand and Seal of Office
November 28, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 45 of 52

82. Produce a copy of all potentially applicable policies of insurance, including primary and excess policies, together with all endorsements, riders or exclusions that may provide coverage for the incident that makes the basis of this lawsuit.

83. If this claim is being handled by any insurance carrier with a reservations of rights; please provide all communication relevant to such reservation.

84. If any pertinent insurance policies or aggregate policies were in place at the time of this incident and the annual aggregate has been reduced, please produce all/or agreements relevant to the payment of any claim reducing an aggregate.

85. If any insurance carrier has given Defendant notice of financial impairment or potential financial difficulties, please produce all written communications relevant to such notice

86. True and correct copies of any and all accident or incident reports concerning Plaintiff and/or the incident made the basis of this lawsuit.

87. All statements and recordings of investigation results obtained by Defendant, its agents, servants and/or employees relating to the subject matter of this lawsuit, including how the incident occurred and the damages suffered by the Plaintiffs, provided such were obtained before anticipation of litigation.

88. True and correct copies of any and all medical records and other information regarding Plaintiffs' physical and mental condition.

89. Any and all photographs, slides, moving pictures, video tapes, surveillance tapes, charts or diagrams showing or depicting the Plaintiffs' injuries and/or damages sustained as a result of the incident made the basis of this lawsuit.

90. Any and all photographs, slides, moving pictures, videotapes, charts or diagrams showing or depicting the scene of the incident and/or vehicles made the basis of this lawsuit.

91. Any and all photographs, slides, moving pictures, videotapes, computer simulations, graphs, charts, models, drawings or diagrams which show or depict any testing or examination performed by Defendant, any business entity and/or individual(s) hired by Defendant pertaining to the scene of the accident and/or vehicles involved in this incident.

92. A true and correct copy of each exhibit you might or you will introduce at trial.

93. Any and all reports of any investigations concerning the incident made the basis of this lawsuit, provided that the reports were made before anticipation of litigation.

94. All personnel manuals Defendant provided to RAYNALDO R. PEREZ from his date of hire, through and including the day of the incident that makes the basis of this lawsuit.


Banks, Frederick – BTAPOP with Discovery Requests                    Page 46

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 46 of 52

95.     All safety manuals Defendant provided to RAYNALDO R. PEREZ from his date of hire, through and including the day of the incident that makes the basis of this lawsuit.

96.     All training manuals Defendant provided RAYNALDO R. PEREZ from his date of hire, through and including the day of the incident that makes the basis of this lawsuit.

97.     Copies of the log book of RAYNALDO R. PEREZ from 90 days prior to, through and including the day of the incident made the basis of this lawsuit.

98.     Copies of RAYNALDO R. PEREZ'S manifests for a period of 60 days prior to, through and including the day of the accident that makes the basis of this lawsuit.

99.     Copies of RAYNALDO R. PEREZ'S trip sheets for a period of 60 days prior to, through and including the day of the accident that makes the basis of this lawsuit.

100.    Copies of all safety standards whether promulgated by government or private industry that Defendant is aware of, that requires adherence to concerning that need for safety pertaining to the job duties and responsibilities of RAYNALDO R. PEREZ

101.    Minutes from all safety or organizational meetings ever held by this Defendant that RAYNALDO R. PEREZ attended prior to the incident that makes the basis of this lawsuit.

102.    Any records or documentation (medical or non-medical) concerning RAYNALDO R. PEREZ which would indicate that he was using alcohol and/or drugs (including prescription or non-prescription, legal or illegal) within forty-eight (48) hours prior to the collision.

103.    Any records or documentation (medical or non-medical) concerning RAYNALDO R. PEREZ which would indicate that he had alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or immediately following the collision.

104.    Any records or documentation (medical or non-medical) which would indicate RAYNALDO R. PEREZ was a regular user of marijuana within one (1) year preceding the collision.

105.    Any records or documentation (medical or non-medical) which would indicate that RAYNALDO R. PEREZ was a regular user of any illegal substance(s) within one (1) year preceding the collision.

106.    A copy of the front and back of RAYNALDO R. PEREZ's current driver's license.

107.    With respect to your vehicle that was involved in the collision made the basis of this lawsuit, please provide the following for a period of one year prior to the incident that


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith  Page 47 of 52

Banks, Frederick – BTAPOP with Discovery Requests                                    Page 47

makes the basis of this lawsuit:

    a.    All maintenance reports and records;
    b.    All repair orders;
    c.    Purchase, registration and title information;
    d.    Documents reflecting repair expenditures;
    e.    All trip reports and log books;
    f.    All records indicating the vehicle in question was involved in any type of collision.
    g.    All records indicating the vehicle in question suffered damage for any reason;
    h.    If you have a "truck" or "vehicle" file pertaining to this vehicle, please produce the entire file.

108.    Produce the damage appraisal of Defendant's vehicle that makes the basis of this lawsuit.

109.    Produce the invoices or receipts for repairs to Defendant's vehicle that makes the basis of this lawsuit.

110.    Copies of RAYNALDO R. PEREZ's driver compliance file as of the date of the incident that makes the basis of this lawsuit.

111.    Copies of RAYNALDO R. PEREZ's training file as of the date of the incident that makes the basis of this lawsuit.

112.    All employment records concerning RAYNALDO R. PEREZ including the complete personnel file, medical records and driving records, <u>including but not limited to,</u> the following:

    a.    Annual review of driving records;
    b.    Application for Employment;
    c.    Responses from state agencies and past employers concerning RAYNALDO R. PEREZ's driving record;
    d.    All Road Test records relating to RAYNALDO R. PEREZ;
    e.    All medical examiners' certificates relating to RAYNALDO R. PEREZ;
    f.    List of driver's violations;
    g.    Any accident reports;
    h.    Any documents relating to any type of drug use by RAYNALDO R. PEREZ; and
    i.    Any criminal conviction.

113.    Any documentation concerning RAYNALDO R. PEREZ involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performances.

114.    Any records, notes, files, memoranda, or other similar documentation indicating an awareness on your part that RAYNALDO R. PEREZ was an unsafe driver.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 48 of 52

Banks, Frederick – BTAPOP with Discovery Requests        Page 48

115. Any written, tapes or mechanically reproduced/recorded statement, testimony, or videotape of any person named in responsive discovery of any party either as someone with knowledge of relevant facts or as an expert, which was given or taken **before the Defendant had a good faith belief to reasonably anticipate a substantial chance that litigation would ensue in this case.**

116. Any contract, agreement, or documentation between you and any other party Defendant in this cause which states or explains the working and/or employment arrangements between you and any other party Defendant at the time of the collision.

117. Any information relating to convictions to be used for impeachment purposes against any party, witness, and/or person with relevant knowledge of facts named in discovery information provided to you before trial. Please include the name of the person convicted, the offense for which he or she was convicted, the year of such conviction, the court of such conviction and the sentence involved.

118. Produce all telephone records and other documents reflecting the use of any mobile device RAYNALDO R. PEREZ used on the date of this incident made the basis of this lawsuit.

119. Produce all documents that Defendant has, including all deposition testimony and trial transcripts, from any other lawsuits regarding personal injury in which the Defendant has been involved.

120. Complete and clearly readable copies of the "Driver Qualification File" maintained by the Defendant on RAYNALDO R. PEREZ along with any other documents contained therein, in their precise state of existence on the date of the accident made the basis of this lawsuit. "Driver Qualification File", as used, means those records specifically required by the TXMCSR/FMCSR (See Definitions 11 and 12) to be created and maintained by A-1 FREEMAN NORTH AMERICA INC. AND/OR A-1 FREEMAN MOVING & STORAGE L.L.C. . on any driver who performs services or work for or on behalf of A-1 FREEMAN NORTH AMERICA INC. AND/OR A-1 FREEMAN MOVING & STORAGE L.L.C. ..

121. Complete and clearly readable copies of any state or FOMCSFO (N) issued terminals audits, road equipment and/or driver compliance inspections or warnings and traffic citations issued in reference to the activities of A-1 FREEMAN NORTH AMERICA INC. AND/OR A-1 FREEMAN MOVING & STORAGE L.L.C. or RAYNALDO R. PEREZ by any city, county, state or federal agency or law enforcement official in the possession of any of the Defendants. This request specifically includes any documents issued by any governmental agencies or officials in reference to violations of any State of Federal Motor Carrier Safety Regulation (See Definitions 12 and 13) that may have been issued in reference to the activities of A-1 FREEMAN NORTH AMERICA INC. AND/OR A-1 FREEMAN MOVING & STORAGE L.L.C., RAYNALDO R. PEREZ, or his co-drivers or driver trainees from September 29, 2015 to present.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 49 of 52

122.    Complete and clearly readable copies of any and all A-1 FREEMAN NORTH
        AMERICA INC.'s AND/OR A-1 FREEMAN MOVING & STORAGE L.L.C.'s officers,
        executives, or administrator's notices, directives, bulletins, publications, and manuals of
        any type or otherwise described written instructions in reference to the day-to-day motor
        carrier operating and safety procedures to be followed by their company personnel,
        managers, supervisors, dispatchers, and drivers.  Specifically, any documents relative to
        disciplinary policies or procedures for motor fleet safety or failure to comply with the
        TXMCSR/FMCSR (see Definitions 11 and 12) in existence and effective at A-1
        FREEMAN NORTH AMERICA INC. AND/OR A-1 FREEMAN MOVING &
        STORAGE L.L.C. on the date of the accident made the basis of this lawsuit.

123.    Provide a copy of the accident register required to be maintained for the Department of
        Transportation regulations for A-1 FREEMAN NORTH AMERICA INC. AND/OR A-1
        FREEMAN MOVING & STORAGE L.L.C. for the two year period preceding the
        accident make the basis of this suit, up to and including the present.

124.    Please produce Defendant Raynaldo R. Perez driver's driving record, criminal record and
        health history obtained by this Defendant from the date of hire through the date of the
        incident that makes the basis of this lawsuit.

I CERTIFY THIS IS A TRUE COPY.
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith  Page 50 of 52

**PLAINTIFF'S REQUEST FOR ADMISSIONS TO**
**DEFENDANTS A-1 FREEMAN NORTH AMERICA INC. AND**
**A-1 FREEMAN MOVING & STORAGE L.L.C.**

1.     As used herein, the terms, "you" and "your" shall mean A-1 FREEMAN NORTH AMERICA INC. AND/OR A-1 FREEMAN MOVING & STORAGE L.L.C., and all attorneys, agents, and other natural persons or business or legal entities acting or purporting to act for or on behalf of A-1 FREEMAN NORTH AMERICA INC. AND/OR A-1 FREEMAN MOVING & STORAGE L.L.C., whether to do so or not.

2.     As used herein, the term "collision" shall refer to the collision that occurred on September 29, 2015 that makes the basis of this suit.

3.     "Person" or "Persons" mean any natural persons, firms, partnerships, associations, joint ventures, corporation and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies.  If other than a natural person, include all natural persons associated with such entity.

## REQUESTS FOR ADMISSION

1.     That Raynaldo R. Perez, at the time of the incident made the basis of this suit, was driving a 2010 Freightliner Semi Truck and Trailer in the course and scope of his employment with A-1 FREEMAN NORTH AMERICA INC. AND/OR A-1 FREEMAN MOVING & STORAGE L.L.C.

ADMIT OR DENY: _____

2.     That Raynaldo R. Perez, at the time of the incident made the basis of this suit, was operating the vehicle in violation of Texas Transportation Code Sec. 545.351.

ADMIT OR DENY: _____

3.     That Raynaldo R. Perez, at the time of the incident made the basis of this suit was operating the vehicle in violation of the Federal Motor Carrier Safety Regulations.

ADMIT OR DENY: _____

4.     That Defendant Raynaldo R. Perez was solely at fault in this crash.

ADMIT OR DENY: _____

5.     That Plaintiff Frederick N. Banks did nothing to cause or contribute to the crash.

ADMIT OR DENY: _____



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 51 of 52

6.      Your driver Raynaldo R. Perez' driver's license has been suspended or revoked on at least one occasion.

ADMIT OR DENY: _____

7.      Your driver Raynaldo R. Perez has been convicted of more than one traffic violation prior to this collision.

ADMIT OR DENY: _____

8.      Your driver Raynaldo R. Perez has been involved in more than one motor vehicle accident in the last ten years.

ADMIT OR DENY: _____

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 28, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 52 of 52

DISTRICT CLERK OF JEFFERSON COUNTY TEXAS



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Certified Document Number: 1851082 Total Pages: 52

**In accordance with Texas Government Code 51.301 electronically transmitted authenticated  documents are valid. If there is a question regarding the validity of this document and or seal   please e-mail districtclerk@co.jefferson.tx.us**